IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| TYRELL L. JONES-EILAND, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-20-3333 |
| SADIE C. JONES, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Tyrell Jones-Eiland has filed a Motion for Default Judgment against Defendant Sadie Jones. (ECF No. 22.) In his Motion, he seeks three forms of relief: (1) a permanent injunction preventing Defendant from contacting him by "social media, postal mail, or other devices[;]" (2) the "[r]emoval of Defendant Sadie C. Jones from Plaintiff's birth certificate and any records that give Defendant access to Plaintiff[;]" and (3) damages. (Mot. Def. J. at 2, ECF No. 22.) Having considered Plaintiff's Motion and the allegations in his Complaint, the Court concludes that its remedial authority in this case is limited to a potential award of damages if Plaintiff can substantiate that he has suffered a compensable injury. Before turning to what Plaintiff must do in order to substantiate his damages claim, the Court briefly explains why it lacks the authority to grant the other relief Plaintiff requests.

With respect to Plaintiff's first request for relief, federal courts may grant a permanent injunction only where "(1) the plaintiff has suffered irreparable harm, (2) there is no adequate remedy at law; (3) considering the balance of hardships between the parties, a remedy in equity is warranted; and (4) an injunction is in the public interest." *Under Armour, Inc. v. Exclusive*

1

*Innovations, Inc.*, Civ. No. SAG-20-3427, 2021 WL 2042320, at *6 (D. Md. May 21, 2021) (citation omitted). Here, Plaintiff cannot show that he lacks an adequate remedy at law because he can obtain money damages for the libelous conduct alleged in the Complaint. (*See* Compl. at 5, ECF No. 1); *see also Howes v. N.Y. Life Ins. Co.*, Civ. No. PWG-16-2952, 2017 WL 1176087, at *4 (D. Md. Mar. 30, 2017) (quoting *Prucha v. Weiss*, 197 A.2d 253, 256 (Md. 1964)) ("[A] person allegedly injured by a libelous publication has no right to seek injunctive relief in equity. He has an adequate remedy at law for damages."). Accordingly, an injunction prohibiting Defendant from having contact with Plaintiff is unwarranted; Plaintiff has an adequate remedy at law to address situations in which Defendant's contact with Plaintiff is tortious.[1]

The Court also cannot grant Plaintiff's requested relief of ordering that Defendant's name be removed from Plaintiff's birth certificate. "In general, a court may not enter an order against nonparties." *Haizlip v. Alston*, Civ. No. LPA-14-0770, 2015 WL 8668230, at *1 (M.D.N.C. Dec. 11, 2015). Although it is unclear who is the appropriate person to order to remove Defendant's name from Plaintiff's birth records, which are allegedly in New York, it is clear that this person is not a party to this case. (Compl. at 6.) The Court is therefore unable to order the relief sought by Plaintiff. *See* 11A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2956 (3d ed. 2021) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction.").

This leaves damages as the only relief this Court may be able to provide in this case. Given this narrow focus, no hearing is required at this time, as a court may "award damages without a

---

[1] A potentially more appropriate avenue for pursuing this form of relief is through an order issued by a *state* court. For example, Maryland state courts may issue Peace Orders, which prevent contact in certain situations. *See* Maryland Courts, PEACE ORDERS, http://mdcourts.gov/legalhelp/peaceorders (last accessed July 21, 2021) (explaining that a Peace Order "can order the other person to stop abusing, threatening or harassing you; [or] have no contact with you"). This Court takes no position on whether Plaintiff would qualify for, or be entitled to, such an order, but points out this alternative because Plaintiff cannot receive injunctive relief from this Court.

2

hearing if the record supports the damages requested." *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (collecting cases). As Plaintiff is a New York resident (*see* ECF No. 20) who brings this case *in forma pauperis*, the Court is disinclined to require Plaintiff to travel for an unnecessary hearing. (ECF No. 3.) Accordingly, the Court will make a determination with respect to damages without holding a hearing, provided that Defendant can show—through evidence—that he is entitled to damages. This evidence may be in the form of affidavits, documentary evidence, or other evidence Plaintiff believes will help the Court determine whether Plaintiff is entitled to damages on his claims.

The Court also wishes to clarify that in order to be entitled to damages, Plaintiff must show some compensable injury. In the Complaint, Plaintiff's claim for damages requests only "Punitive Damages $1,000,000." (Compl. at 6.) However, Maryland law requires "that there be a compensatory damages award underlying an award of punitive damages." *Caldor, Inc. v. Bowden*, 625 A.2d 959, 973 (Md. 1993). That is, Plaintiff must prove compensatory damages, which "are intended to redress the concrete loss that plaintiff has suffered by reason of the defendant's wrongful conduct," before the Court may consider an award of "punitive damages, [which] by contrast, serve a broader function of deterrence and retribution." *Saunders v. Equifax Info. Servs., LLC*, 469 F. Supp. 2d 343, 348 (E.D. Va. 2007) (internal quotation marks and citation omitted). Thus, Plaintiff's evidence of damages must be directed at establishing what "losses [he] actually suffered" from Defendant's conduct, because remedying these losses is "[t]he sole object of compensatory damages." *C & O Motors, Inc. v. Gen. Motors Corp.*, 323 F. App'x 193, 197–98 (4th Cir. 2009) (quoting 22 ROBERT D. ANDERSON, *ET AL.*, AM. JUR. DAMAGES § 28 (2d ed. 2003)).

To summarize, the Court cannot grant Plaintiff the non-monetary relief requested in this case. The Court may, however, be able to grant Plaintiff damages without the need for a hearing,

provided that Plaintiff can first establish his entitlement to compensatory damages through the submission of evidence. Accordingly, within thirty (30) days of this Order, Plaintiff SHALL FILE with this Court *all evidence* that he believes will enable the Court to determine his entitlement to damages.

DATED this 21 day of July, 2021.

BY THE COURT:

James K. Bredar
Chief Judge