IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| TYRRELL JONES-EILAND, | * |  |
| Plaintiff, | * |  |
| v. | * | Civil No. JKB-20-3333 |
| SADIE JONES, | * |  |
| Defendant. | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Currently pending before the Court is Plaintiff Tyrrell Jones-Eiland's Motion for Default Judgment. (ECF No. 22). The Court's prior Order directed Plaintiff to substantiate his damages claim by filing "*all evidence* that he believes will enable the Court to determine his entitlement to damages." (ECF No. 23.) In response to that Order, Plaintiff filed no evidence but submitted a "Statement in Support of Default Judgment" which reiterated and elaborated on the allegations in the Complaint. (*See* ECF No. 24.) Given the entire record, and particularly Plaintiff's failure to substantiate any compensatory damages stemming from his allegations, the Court will dismiss this case without prejudice pursuant to 28 U.S.C. § 1915(e).

### I. *Procedural Background*

In November 2020, Plaintiff filed a *pro se* Complaint against Defendant Sadie Jones, his biological mother. (Compl., ECF No. 1.) In his Complaint, Plaintiff alleged that Defendant had been "verbally and physically abusive for more than thirty-six years." (*Id.* at 5.) His Complaint suggested two claims. First, a claim for battery arising from Defendant's physical abuse of Plaintiff "on several occasions that has resulted in plaintiff being unable to father children." (*Id.*)

1

Second, that "Defendant has defamed the character of the plaintiff to the general public, religious leaders, and corporate entities diminishing his ability to gain employment or promotion." (*Id.*)

Although Defendant answered the Complaint, that Answer was returned because it did not contain an original signature. (ECF No. 8.) The Court's Return Pleading Order and all subsequent documents mailed to Defendant have been returned as undeliverable. (*See, e.g.*, ECF Nos. 9, 17, 19, 25.) After Defendant failed to properly answer the Complaint, the Court directed Plaintiff to file a Motion for Default. (*See* ECF No. 12.) Plaintiff instead filed a Motion for Default *Judgment*, which was construed as a Motion for Clerk's Entry of Default. (*See* ECF Nos. 13, 14.) The Court issued an Order, advising Plaintiff that his Motion had been so construed, and that he could now move for a default judgment. (ECF No. 18.) After further prompting from the Court (ECF No. 21), Plaintiff moved for a default judgment. (ECF No. 22.) In that motion, he sought three forms of relief: (1) a permanent restraining order against Defendant; (2) removal of Defendant from Plaintiff's birth certificate "and any records that give Defendant access to Plaintiff"; and (3) a money judgment in an amount to be determined by the Court. (*Id.* at 2.)

Assessing this motion, the Court concluded that it lacked the authority to issue the non-monetary relief requested by Plaintiff, but that it could enter a money judgment if Plaintiff was able to substantiate damages flowing from his allegations. (*See* ECF No. 23.) Accordingly, it ordered that Plaintiff submit "*all evidence* that he believes will enable the Court to determine his entitlement to damages." (*Id.* at 4.) Plaintiff submitted a brief letter in response. (ECF No. 24.)

## II.    Analysis

Although Plaintiff has diligently filed papers in this case, he has failed to provide the Court with any evidence to substantiate the amount of money damages that would be appropriate to remedy his alleged injuries. Indeed, his filings suggest that the main purpose of this lawsuit is not

2

to obtain a money judgment, but to legally end his troubled relationship with Defendant. (*See* ECF No. 24 at 3 ("[T]his lawsuit is my final plea to be rid of that type of toxic energy in my life and for once I can finally breathe and just be Tyrell.").)  Even with the liberal construction afforded because Plaintiff is *pro se*, the Court finds that Plaintiff's filings do not effectively state a claim upon which this Court can grant relief. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020) (citation omitted) (explaining that "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure").

## A. *Removal of Defendant from Plaintiff's Birth Certificate*

As a preliminary matter, Plaintiff asks this Court to reconsider its previous finding that it cannot order Defendant's named removed from Plaintiff's birth certificate. (*See* ECF No. 23 at 2.) He explains that he "disagree[s] with the Court's decision about the birth certificate, [because] New York state will change information if a Court orders it." (ECF No. 24 at 3.)  Plaintiff is correct that a court order is required for certain changes to a New York City birth certificate, but not an order from *this* Court.  As the New York City website explains under the Frequently Asked Question: "How do I remove information on the birth certificate?," the person seeking to remove information "must obtain a State Supreme Court Order," that is, an order from a New York state court. *See* CITY OF NEW YORK, Certificate Corrections (Last Accessed Sept. 9, 2021), available at: https://www1.nyc.gov/site/doh/services/certificate-corrections.page.  As noted in the Court's prior order, the non-monetary relief Plaintiff seeks may be available from some other court, but this Court lacks the authority to provide that relief. (*See* ECF No. 23 at 2 n. 1.)  Again, however, the Court takes no definitive position on whether Plaintiff would qualify for, or be entitled to, an order from a court of appropriate jurisdiction.

3

### B. *Money Damages*

Plaintiff's filings suggest two potential claims for money damages. First, a claim arising out of Defendant's alleged physical abuse of Plaintiff. (*See* Compl. at 5.) Second, a claim arising out of Defendant's alleged defamation of Plaintiff through social media. (*Id.*) In his Complaint, Plaintiff sought solely an aggregate punitive damages award in the amount of $1,000,000 (Compl. at 6), and ultimately, Plaintiff fails to substantiate either theory of harm sufficiently to state a claim.

### 1. *Assault and Battery Claims*

Plaintiff's most recent filing makes clear that the physical abuse alleged stems from his childhood, where he was "hit with all types of objects including bats, chairs, and boards; anything within arms reach defendant [sic]." (ECF No. 24 at 1.) While these allegations are serious, a civil claim arising out of this conduct is plainly time-barred. The Maryland statutes of limitations for civil claims of assault and battery are one and three years, respectively. *See* Md. Code. Cts. and Jud. Proc. § 5-101 (battery), 105 (assault); *see also Ford v. Douglas*, 799 A. 2d 448, 450 (Md. Ct. Spec. App. 2002) (clarifying that battery is subject to a three-year statute of limitations). Plaintiff is now forty-four (ECF No. 24 at 3), and suggests no grounds for tolling these claims more than two decades. *See Warfaa v. Ali*, 1 F. 4th 289, 294 (4th Cir. 2021) (citation omitted) (requiring that a plaintiff establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing" before court can equitably toll statute of limitations).

### 2. *Defamation Claim*

In contrast, Plaintiff's claim that Defendant has used social media to defame him, which he alleges has continued throughout the pendency of this lawsuit, is certainly timely. (*See* ECF No. 22 at 1 ("Defendant continues to spread falsehoods . . . and has taken to social media in an

effort to discredit Plaintiff and cause continue[d] harm and strain.").) However, despite this Court's directive, Plaintiff has failed entirely to substantiate this claim with evidence regarding the damages he has suffered as a result of Defendant's alleged defamation. For example, although logic would suggest that allegedly defamatory social media postings would be readily available, Plaintiff has not filed any with the Court. Similarly, while Plaintiff's Complaint alleged that "Defendant has defamed the character of the plaintiff to the general public, religious leaders, and corporate entities diminishing his ability to gain employment or promotion," he has submitted no affidavits or other documents providing any substance to this alleged harm. Further, this evidentiary gap cannot be bridged merely based on Plaintiff's allegations because "[u]pon default judgment, Plaintiff's factual allegations are accepted as true for all purposes *excluding the determination of damages.*" *Laborers' Dist. Council Pension v. E.G.S., Inc.*, Civ. No. PWG-09-3174, 2010 WL 1568595, at *3 (D. Md. Apr. 16, 2010) (citation omitted). This failure is doubly problematic in the context of Plaintiff's defamation claim "[b]ecause damages are a requisite element in defamation" under Maryland law. *Phillips v. Higgins*, App. No. 2403, 2019 WL 1556205 (Ct. Spec. App. Md. Apr. 10, 2019); *see also Piscatelli v. Smith*, 35 A.3d 1140, 1147 (Md. 2012) (explaining that properly pleading a defamation claim under Maryland law requires a plaintiff to allege specific facts establishing, amongst other things, "that the plaintiff thereby suffered harm").

### 3. *In Forma Pauperis Dismissal*

Plaintiff's failure to submit evidence as directed by the Court has placed this case in an awkward posture. On the one hand, Plaintiff has filed the formal motions necessary to achieve a default judgment; on the other, he has given the Court no grounds on which it can enter such a judgment. Given that Plaintiff is proceeding *in forma pauperis* (ECF No. 3), and given Plaintiff's

failure to submit any evidence to substantiate his claim in response to this Court's Order (*See* ECF No. 23 at 4), the Court believes the appropriate disposition of this case at this stage is dismissal without prejudice.

Under 28 U.S.C. § 1915, the Court "*shall* dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915 (emphasis added). This statutory language is mandatory, and requires dismissal if a claim meets any of the statutory criteria. *See Nagy v. FMC Butner*, 376 F.3d 252, 256 (4th Cir. 2004). Here, Plaintiff's most recent filings make clear to the Court that his Complaint fails to state a claim on which relief may be granted. While a generous construction of Plaintiff's filings and a lack of adversarial testing had previously led the Court to believe Plaintiff may have a meritorious claim—his failure to provide evidence to substantiate those claims as directed suggests that such evidence may not exist.

Further, even if Plaintiff's claims, generously construed, satisfy the pleading requirements under the Federal Rules of Civil Procedure, those claims would still be "frivolous" within the meaning of 28 U.S.C. § 1915. As the Fourth Circuit has explained, "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.'" *Nagy*, 376 F.3d at 256 (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)). This elasticity is deliberate, and "directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Id.* at 257. Courts have found that "[a] claim for *de minimis* damages constitutes a frivolous claim within the meaning of 28 U.S.C. § 1915(e)(2)(B)." *Id.*

Here, the Court is satisfied that, at this point, Plaintiff's claim is frivolous as that term is used in 28 U.S.C. § 1915(e)(2)(B). As noted, the goal of this litigation for Plaintiff does not appear to be money damages, but two forms of non-monetary relief this Court is unable to grant. Denied

6

these remedies, Plaintiff has not even attempted to substantiate his damages claim with evidence. Indeed, in his Complaint, he alleged no compensatory damages and merely sought "Punitive Damages $1,000,000," showing that this claimed remedy may have been more flash than substance.[1]  (Compl. at 6.)

In sum, given his most recent filings, the Court determines that Plaintiff's claims are frivolous and fail to state a claim, mandating dismissal under 28 U.S.C. § 1915(e).  The Court wishes to emphasize, however, that this dismissal is *without prejudice*.  Plaintiff has requested relief that other courts (namely, state courts) may be better positioned to provide.  Dismissal without prejudice permits Plaintiff, if he so desires, to petition those courts for the relief that this Court is unable to grant.

### III.    Conclusion

The entire record in this case, as developed by Plaintiff's most recent filings, leads this Court to conclude that Plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim on which relief may be granted.

---

[1] Plaintiff's inability to substantiate his damages claim also raises doubts about this Court's jurisdiction over this matter under the diversity statute. 28 U.S.C. § 1332(a) (requiring an amount in controversy exceeding $75,000). However, the Court concludes that it retains jurisdiction of this matter given that "[t]he key inquiry in determining whether the amount-in-controversy requirement is met is not what plaintiff will actually recover, but an estimate of the amount that will be put at issue in the course of litigation." *Scott v. Cricket Commc'ns., LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (internal quotation marks and citation omitted). Plaintiff alleged serious harms in his Complaint, including loss of fertility from Defendant's abuse, loss of employment, and challenges obtaining new employment. (Compl. at 5.) Although Plaintiff failed to perfect or substantiate these claims for various reasons, at no time was it a "legal certainty that plaintiff cannot recover the jurisdictional amount" warranting dismissal for lack of subject matter jurisdiction. *Peamon v. Verizon Cable Corp.*, Civ. No. DKC-21-1023, 2021 WL 1751129, at *2 (D. Md. May 4, 2021).

DATED this _10_ day of September, 2021.

BY THE COURT:

James K. Bredar
Chief Judge